O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAND AIR EXPRESS, INC., a Kentucky Corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>ULTRA AIR CARGO, INC., a California Corporation,<br><br>            Defendant.<br>_____ | ) Case No. CV 09-06398 DDP (SSx)<br>)<br>) **ORDER TO SHOW CAUSE WHY THIS**<br>) **ACTION SHOULD NOT BE DISMISSED**<br>) **FOR LACK OF SUBJECT MATTER**<br>) **JURISDICTION**<br>)<br>)<br>)<br>)<br>)<br>) |

    The Court orders the plaintiff Land Air Express, Inc. ("Plaintiff"), to show cause why this action should not be dismissed for lack of subject matter jurisdiction.

    Plaintiff, a Kentucky corporation, filed suit against Ultra Air Cargo, Inc. ("Defendant"), a California corporation, alleging that between July 2008 and August 2008 Defendant tendered to Plaintiff nine shipments to be transported, but that Defendant later failed to pay $20,905.40 in invoices due on the bills of lading.  The Complaint alleges causes of action for (1) breach of contract, (2) quasi contract, and (3) open book account.  The Complaint does not specify basis for subject matter jurisdiction.

Federal courts are courts of limited jurisdiction, and thus, generally, a plaintiff's claim must invoke either diversity jurisdiction or federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. "[A] federal court may dismiss <u>sua</u> <u>sponte</u> if jurisdiction is lacking." <u>Fiedler v. Clark</u>, 714 F.2d 77, 78-79 (9th Cir. 1983) (per curiam).

The Carmack Amendment, 49 U.S.C. § 14706, preempts all state law claims in any suit against an interstate carrier for loss or damage to transported goods, thereby providing the exclusive avenue for recovery and the exclusive remedy. <u>Hall v. North America Van Lines</u>, 476 F.3d 683, 688 (9th Cir. 2007). However, the Carmack amendment does not preempt claims brought by a carrier against a shipper. See <u>S. Pac. Transp. Co. v. United States</u>, 456 F. Supp. 931, 945 (E.D. Cal. 1978). Accordingly, the Carmack Amendment does not provide a basis for federal question jurisdiction in cases where a carrier asserts state law causes of action against a shipper. <u>Intransit, Inc. v. Excel N. Am. Rd. Transp., Inc.</u>, 426 F. Supp. 2d 1136, 1142 (D. Or. 2006). Here, it appears that Plaintiff, a carrier, has asserted state law breach of contract against Defendant, a shipper. Therefore, federal question jurisdiction premised on the Carmack Amendment does not exist.

Alternatively, diversity jurisdiction exists when there is complete diversity between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. While Plaintiff has pled that the parties are diverse, the face of the complaint indicates that the amount in controversy is only $20,905.40.

Accordingly, the Court orders the Plaintiff to file a brief, not to exceed five pages, by no later than two o'clock p.m. on

Friday, April 2, 2010, to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles.  Because Plaintiff bears the burden of establishing subject matter jurisdiction, the failure to file such a brief will be deemed consent to dismissal.

IT IS SO ORDERED.

Dated: March 23, 2010

DEAN D. PREGERSON
United States District Judge